IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEKESAH SIMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTON NO. 09-369-CB-N |
| | ) | |
| CYNTHIA S. WHEELER-WHITE, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

This action is brought pursuant to 28 U.S.C. §2254, collaterally challenging the failure to give petitioner credit toward her state court sentence upon her conviction on the crime of manslaughter in the Circuit Court of Mobile County, Alabama. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636. Petitioner asserts, in sum, that the sentencing court was required to give her credit for time she had spent on electronic monitoring while awaiting trial. (Doc. 6, Amended Complaint)

Respondent filed its Answer asserting that petitioner had not exhausted her state remedies (doc. 11) and the court thereafter ordered (doc. 14) petitioner to respond concerning that issue no later than May 30, 2010. That order set forth in detail the applicable standard and explained to petitioner that her claims could be dismissed without prejudice if the court found the claims to be unexhausted. Petitioner has failed to file a response or in any other matter contest the showing made by Respondent.

Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court. 28 U.S.C. § 2254(b)(1)." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). "A rigorously enforced total exhaustion rule will encourage state

prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." Rose v. Lundy, 455 U.S. 509, 518 (1982). It is uncontested that petitioner has not allowed the state courts to address the claims made in the instant action. A petition in the state court for writ of habeas corpus is the proper method under state law by which to challenge the calculation of an inmate's term of imprisonment. Fuqua v. State, 910 So.2d 141, 142 (Ala. Crim. App. 2005).

Despite the respondent's challenge, there is no indication in the record that petitioner has filed such an action,[1] or that a decision on such an action has been reached. The undersigned thus finds that petitioner's claims are unexhausted.

Accordingly, it is hereby RECOMMENDED that this action be DISMISSED without prejudice to allow petitioner to exhaust her state remedies.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 16th day of July, 2010.

                                               /s/ Katherine P. Nelson
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent notes that an unidentified motion was filed on June 12, 2009, in state court, a little over a month before filing the instant action on July 23, 2009. Though respondent was unable to obtain a copy of that motion, it does not appear that the Circuit Court has ruled on it.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS
<u>CONCERNING NEED FOR TRANSCRIPT</u>

**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE